IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RON GEHRLEIN, | ) | CASE NO. 1:08 CV 1581 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| HORIZON SCIENCE ACADEMY - | ) | |
| DENISON MIDDLE SCHOOL, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] in this age discrimination suit brought plaintiff Ron Gehrlein[2] is a motion for summary judgment filed by defendant Horizon Science Academy – Denison Middle School, Inc. (Horizon).[3] Gehrlein opposes Horizon's motion,[4] and Horizon has replied to that opposition.[5] An oral argument on the motion has been conducted.[6] Subsequent to that argument and pursuant to my order,[7] the parties have each filed an appendix outlining the

---

[1] The parties have consented to my exercise of jurisdiction. ECF # 9.

[2] ECF # 1.

[3] ECF # 27.

[4] ECF # 28.

[5] ECF # 30.

[6] ECF # 31.

[7] ECF # 32.

evidentiary basis for their respective positions on the summary judgment motion, together with the evidence itself.[8]

As is more fully described below, Horizon seeks summary judgment in its favor on Gehrlein's age discrimination claim; his Ohio-law claim of intentional infliction of emotional distress; and his claim for punitive damages.[9]  Gehrlein contests the motion as to the age discrimination claim and the claim for punitive damages but does not refute Horizon's position as regards intentional infliction of emotional distress.[10]

For the reasons that follow, I will find that Horizon's motion for summary judgment is  well-taken and will be granted as to all claims.

## Facts

The facts relevant to the motion are neither extensive nor disputed.  The case essentially concerns the decision at the conclusion of the 2006-07 school year by Horizon not to renew Gehrlein's contract as one of two deans of students on the grounds that he was not effective in maintaining school discipline.[11]

---

[8] ECF ## 33, 34, 36 (Horizon); ECF # 35 (Gehrlein).

[9] ECF # 27.

[10] ECF # 28.

[11] ECF # 27 at 6.

Initially, for purposes of this motion for summary judgment, Horizon itself concedes that its decision to replace[12] the 57-year old Gehrlein with a 37-year old [13] involved:

(1)     a plaintiff within the class protected from age discrimination;

(2)     who was applying for re-hiring in a job for which he was qualified;

(3)     but for which he was not hired;

(4)     with such employment ultimately being given to a person not a member of the protected class.[14]

Thus, the parties here agree that the facts of the hiring decision at issue here do establish a *prima facie* case of age discrimination.[15] They also stipulate that Horizon's stated reason for non-renewal – the alleged ineffectiveness in maintaining discipline – qualifies as a legitimate nondiscriminatory reason for non-renewal. Both sides recognize, therefore, that the issue in dispute as to the age discrimination claim is whether the stated reason for Horizon's decision – ineffectiveness in maintaining discipline – was pretextual. Moreover, both sides accept that the evidence for motivation and pretext in the age discrimination area is also the evidence to be considered in regard to the punitive damages claim.

---

[12] Technically, as noted, Gehrlein had been employed by Horizon under a one-year contract that was not renewed at the conclusion of the 2006-07 school year. *See*, ECF # 27 at 1.

[13] *See*, ECF # 35 at 4.

[14] ECF # 27 at 9 (citing *Brown v. State of Tennessee*, 693 F.2d 600, 603 (6th Cir. 1982) (citation omitted)).

[15] ECF # 27 at 9 (Horizon); ECF # 35 at 1 (Gehrlein).

In that regard, Horizon contends, as noted earlier, that its decision not to renew Gerhlein's contract was motivated by his job performance, specifically, his failure to maintain discipline at the school. In support of that contention, Horizon, in its compendium of exhibits submitted in response to my order, essentially relies on:

(1) evidence of fights and other discipline issues at Horizon;[16]

(2) evidence that teachers and staff did not have a good relationship with Gehrlein and believed Gehrlein to be ineffective in maintaining discipline;[17] and,

(3) evidence that Horizon was on academic watch and that the administration deemed improvement in discipline to be required to get out of academic watch status.[18]

Gehrlein, for his part, points to the following facts as evidence that Horizon's stated reason of ineffective job performance was pretextual:

(1) the results of parent and staff surveys taken by Horizon and contained in the school's annual report that show, during Gehrlein's two years at Horizon, an increase in the percentage of respondents who stated that they were either very satisfied or satisfied with the safety at the school and/or gave the school an overall favorable rating;[19]

(2) the fact that while Gehrlein possessed an Ohio teaching certificate and had extensive experience in education, while his replacement had no educational certifications or experience – indeed, had been accused of sexual misconduct while in a university setting in another state;[20]

---

[16] ECF # 33 at 1-2 (citing record).

[17] *Id.* at 2-3 (citing record).

[18] *Id*. at 3-4 (citing record).

[19] ECF # 35 at 6-7 (citing record).

[20] *Id*. at 8-10 (citing record).

(3)  two conversations involving Horizon senior administrators wherein an administrator asked "what happens to people in this country when they get too old to work?" and expressing a preference for hiring younger people because they are "more flexible;"[21] and,

(4)  there is no record of "any reprimand, other disciplinary action, or even counseling," given to Gehrlein by Horizon as a consequence of his supposed poor performance with school discipline.[22]

## Analysis

**A.   Applicable law – summary judgment**

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[23]  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[24]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[25]  Determination of whether a factual issue is "genuine" requires consideration of the applicable

---

[21] *Id.* at 11-12 (citing record).

[22] ECF # 28 at 19.

[23] Fed. R. Civ. P. 56(c).

[24] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[25] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

evidentiary standards.[26] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[27]

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.[28] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[29] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[30]

In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict."[31] However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.[32]

---

[26] *Id.* at 252.

[27] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[28] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir.2005) (citing *Celotex*, 477 U.S. at 322).

[29] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir.2004) (quoting *Anderson*, 477 U.S. at 248-49).

[30] *Anderson*, 477 U.S. at 249-50 (citation omitted).

[31] *Id.* at 252.

[32] *March v. Levine*, 249 F.3d 462, 471 (6th Cir. 2001).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[33] The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."[34] The text of Fed. R. Civ. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

"In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[35]

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'"[36] Rule 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit.

---

[33] *Anderson*, 477 U.S. at 256.

[34] *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir.1995).

[35] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

[36] *Wiley v. United States*, 20 F.3d 222 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs.*, 854 F.2d 1179, 1181 (9th Cir. 1988)).

> Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.[37]

However, the district court may consider evidence not meeting this standard unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.[38]

As a general matter, the judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law."[39] The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter.[40] The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[41]

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial–
> whether, in other words, there are any genuine factual issues that properly can

---

[37] *Id.* at 225-26 (citations omitted).

[38] *Id.* at 226 (citations omitted).

[39] *Anderson*, 477 U.S. at 248.

[40] *Id.* at 249.

[41] *Id.*

be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[42]

**B.     Applicable law – pretext**

In this case the parties agree that the *McDonnell Douglas/Burdine* burden-shifting framework applies.[43] Under this framework, the plaintiff must make out a prima facie case of race discrimination, after which the burden shifts to the employer to proffer a legitimate, nondiscriminatory reason for its decision.[44] If the employer carries its burden, the plaintiff must then prove by a preponderance of the evidence that the reasons offered by the employer were pretextual.[45] Throughout this burden-shifting process, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."[46] In its most recent published decision on the issue, the Sixth Circuit, in *Upshaw v. Ford Motor Company*,[47] stated the applicable law governing pretext as follows:

> A plaintiff may establish that an employer's stated reason for its employment action was pretextual by showing that the reason (1) had no basis in fact, (2) did not actually motivate the challenged conduct, or (3) is insufficient to explain the challenged conduct. The plaintiff must produce

---

[42] *Id.* at 250.

[43] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

[44] *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1020-21 (6th Cir.2000).

[45] *DiCarlo v. Potter*, 358 F.3d 408, 414-15 (6th Cir.2004).

[46] *Id.* at 417 (citation omitted).

[47] *Upshaw v. Ford Motor Co.*, 576 F.3d 576 (6th Cir. 2009).

"sufficient evidence from which the jury could reasonably reject [the defendant's] explanation and infer that the defendants intentionally discriminated against him." "The jury may not reject an employer's explanation ... unless there is a sufficient basis *in the evidence* for doing so." If the employer had an honest belief in the proffered basis for the adverse employment action, and that belief arose from a reasonable reliance on the particularized facts before the employer when it made the decision, the asserted reason will not be deemed pretextual even if it was erroneous.[48]

Pretext may be established either "directly by persuading the trier of fact that a discriminatory reason more likely motivated the employer's action" or "'indirectly by showing that the employer's proffered explanation is unworthy of credence.'"[49] A plaintiff makes the indirect showing that the employer's explanation is not credible by establishing one of the three factors outlined above.[50]

Where the stated reason for the adverse employment action involves a subjective evaluation of the plaintiff by the employer, it is important to recognize that while subjective evaluation processes can mask discriminatory action, such processes are not illegal *per se*.[51] The test in such cases is "'whether the subjective criteria was used to disguise discriminatory action.'"[52] Applying that test does not involve questioning the decision maker's hiring

---

[48] *Id*. at 586 (citations omitted, emphasis and ellipsis in original).

[49] *Johnson v. Interstate Brands Corp.*, No. 08-6387, 2009 WL 3583397, at *4 (6th Cir. Nov. 3, 2009) (citing and quoting, *Texas Dep't of Cmty. Affairs*, 450 U.S. at 256).

[50] *Johnson*, 2009 WL 3583397, at *4 (citation omitted).

[51] *Grano v. Dep't of Dev.*, 699 F.2d 836, 837 (6th Cir. 1983).

[52] *Conner v. State Farm Mut. Auto. Ins. Co.*, 273 F. App'x 438, 443 (6th Cir. 2008), quoting *Grano*, 699 F.2d at 837 (citation omitted).

criteria even when subjective, since determining the appropriate weight to be given to nondiscriminatory factors is not within the province of the court.[53]

In that regard, while an employer's business judgment "is not an absolute defense to unlawful discrimination[,] ... the reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation."[54]

**C.     Horizon has shown, even viewing the evidence in a light most favorable to Gehrlein, that its decision not to renew Gehrlein's contract was a reasonable, subjective business judgment that had a basis in fact.**

I note here initially that Gehrlein rests his claim on both purported direct evidence of unlawful discrimination on the basis of age – specifically, the comments by Horizon administrators noted earlier – and on the indirect evidence that Horizon's stated reason for non-renewal had no basis in fact because:  (1) there was no record of any dissatisfaction with Gehrlein's performance by Horizon in Gehrlein's file, and (2) Horizon told the public, through its publication of the staff and parent surveys on safety, that whatever discipline issues may have existed at the school were improving during Gehrlein's tenure.[55] Horizon,

---

[53] *Id.* at 443.

[54] *Wexler v. White's Fine Furniture*, 317 F.3d 564, 576 (6th Cir. 2003); *see also*, *Browning v. Dep't of Army*, 436 F.3d 692, 698 (6th Cir. 2006) ("Questioning [an employer's] hiring criteria is not within the province of this court, even if [the employer's] hiring process was entirely subjective.").

[55] ECF # 28.

-11-

for its part, argues that Gehrlein's contention that the school discipline reason is pretextual is "disproved by Gehrlein's own testimony," as well as other evidence of record.[56]

Addressing first the purported direct evidence of discrimination, I observe that the comments by Horizon administrators, by themselves, are not such that a jury could conclude from them that unlawful discrimination was behind the decision not to renew Gehrlein's contract. As has been consistently found by courts in this district, isolated, abstract, or ambiguous age-related comments, particularly when made outside the decision process, of themselves are insufficient to establish age discrimination.[57]

Thus, to succeed here, Gehrlein must establish his discrimination claim with indirect evidence. In that regard, he posits two general grounds for such proof: (1) that his record contains no evidence that he was ever disciplined for any shortcomings in the area of school discipline, and (2) that Horizon told the public, through the staff and parent surveys, that school safety – an allegedly analogous concept to school discipline – was, contrary to Horizon's claims, actually satisfactory and improving during Gehrlein's tenure.

---

[56] ECF # 30 at 2.

[57] *Hart v. Ridge Tool Co.*, 544 F. Supp. 2d 634, 633-34 (N.D. Ohio, 2008) ("vague, isolated" remarks made three years prior to termination "no evidence" that termination was discriminatory); *Duggan v. Orthopaedic Inst. of Ohio*, 365 F. Supp. 2d 853, 859 (N.D. Ohio 2005) (single comment made by the decision maker in a social setting was "unrelated to the decisional process" and was "insufficient to establish a discriminatory animus.").

With respect to the absence of any record of formal action being taken against Gehrlein for discipline problems,[58] any such absence in the record would necessarily be viewed in conjunction with the extensive evidence of record, not refuted by Gehrlein, that he knew discipline problems existed at Horizon, and that his approach to addressing these problems had produced concern by the staff, the board, and the administration.[59]  Even drawing the most favorable inference possible from the mere lack of any formal discipline or corrective action in his file, the extensive, uncontroverted evidence is that discipline issues existed at Horizon, that Gehrlein knew about them, and that he also knew his approach to those issues was of concern to the Horizon administration.

Moreover, the existence of the surveys also does not create an inference of discrimination by Horizon.  Horizon evaluated Gehrlein's job performance on the matter of discipline according to a subjective standard.  That is, there is no evidence, for example, that Gehrlein was required by his contract to keep reported discipline infractions below a stated number per year, thus providing a fixed measure for Horizon to judge whether he was succeeding in his job or not.  Rather, all the evidence is that he was responsible for maintaining discipline in an environment where discipline infractions regularly occurred and Horizon would evaluate his performance under a subjective standard.

---

[58] I also note that Gehrlein was not, as in the case of many union agreements, in a situation of being subject to so-called step discipline where the ultimate action of a termination must be preceded by various levels of written warnings or reprimands.

[59] *See*, ECF # 33 at 1-3.

Thus, Gehrlein cannot show on this record that Horizon's decision not to renew his contract based on the existence of discipline problems "had no basis in fact" as required by the relevant legal standard.  Plainly, the existence of discipline problems at Horizon, known to and recognized by Gehrlein, a dean of students charged with addressing such matter, provides an obvious factual basis for Horizon's decision, which rested, as noted, on its subjective business judgment that replacing Gehrlein in that position would result in an improvement in this situation.  And, although that this decision by Horizon to make a change was a subjective judgment, Gehrlein's citation to surveys that purportedly show that the discipline situation under his leadership was improving merely makes an argument that Horizon made a poor decision in his case, not an unlawful one.

More to the point, there is no evidence in this record, even considering the surveys, that Horizon's decision here was so unreasonable as to demonstrate that it was merely a mask for an actual motivation of discrimination.  The unrefuted evidence produced by Horizon of many fights and discipline issues at the school, which then produced expressions of concern by other teachers prior to the decision not to renew Gehrlein's contract, along with evidence, acknowledged by Gehrlein, that the Horizon administration raised these concerns over discipline with Gehrlein, all establish that there was a clear, reasonable basis for subjectively concluding that not renewing Gehrlein's contract might improve the recognized issues with discipline.

Again, whether this decision was correct or not – and Gehrlein plainly thinks it was incorrect in not giving more weight to the evidence in the surveys  – there is no evidence on

the record from which a jury could find that Horizon's decision was unreasonable.  And if not unreasonable, such a decision by an employer, even if made after a subjective evaluation, is a business judgement which is not illegal and will not be second-guessed by this Court.[60]

## Conclusion

Accordingly, for the reasons stated, Horizon's motion for summary judgment as to the discrimination claim is granted.  Further, inasmuch as Horizon has established its right to summary judgment as to the discrimination claim, Gehrlein's remaining claims that Horizon's decision not to renew constituted an intentional infliction of emotional distress and was so malicious as to warrant punitive damages, must also necessarily be dismissed with prejudice.

IT IS SO ORDERED.

Dated:  November 16, 2009                              s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge

---

[60] I note here that Gehrlein may not evade the rubric of evaluating a subjective business decision by testing it for reasonableness by alternatively employing a mixed motive analysis.  A mixed motive analysis is never proper in age discrimination cases.  *Gross v. FBL Fin. Servs.*, __ U.S. __, 129 S. Ct. 2343, 2350 (2009).